Royal Moulding Company  
vs.  No. 91696.  
Kotler and Kopit, Inc.

April 24, 1934.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is a suit to recover the sum of $184.37 for alleged breach of contract.

The defendant is a corporation engaged in the manufacture of pearl and novelty jewelry. In the spring of 1933 it desired to obtain a considerable number of an ornament termed a rosebud. The rosebuds were wanted in several colors. They were produced by placing a certain kind of powder or mixture of powders in steel moulds to which pressure and heat were applied.

It is the plaintiff corporation's business to mould novelties such as the defendant wanted and in the course of business it received an order from the defendant for 300 gross of the rosebuds. Upon the written order appeared the words, "Please give best price possible."

The plaintiff contends that the parties agreed upon a price of $2.50 per gross shortly after production was started.

The defendant on the other hand takes the position that no price was agreed upon at any time.

The question whether there was a complete agreement between the parties at any time was, perhaps, the chief issue submitted to the jury.

*Spalt & Sons, Inc.* vs. *Luigi Maiello,* (1927) 48 R. I. 223.

It clearly was a question of fact and there was a considerable amount of testimony bearing more or less directly upon the issue.

The Court thinks it cannot say that the conclusion reached by the jury is clearly against the weight of the evidence.

The jury having found that there was no agreement to produce a definite number of rosebuds at a given price, it was proper to consider, under the instructions of the Court, whether the money already admittedly paid by the defendant to the plaintiff constituted the reasonable worth of the 127½ gross of rosebuds delivered to the defendant or whether on that basis the plaintiff was entitled to receive more money. This, too, was a question of fact and upon this issue there was much testimony of a conflicting nature.

Upon a careful review of the entire case, the Court thinks the verdict rendered should not be set aside since it is not against the weight of the evidence and since it does substantial justice between the parties.

Plaintiff's motion for a new trial is denied.

For plaintiff: J. Raymond Dubee, Raphael Vicario.

For defendant: Robert Brown.